United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Felicia Wise  
      Debtor

Case No. 18-15953-elf  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2     User: Linda     Page 1 of 1     Date Rcvd: Oct 17, 2019  
                         Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 19, 2019.  
db          +Felicia Wise,    2630 S. Lloyd Street,    Philadelphia, PA 19153-2419

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                  TOTAL: 0

         ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                               TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 19, 2019                                  Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 17, 2019 at the address(es) listed below:

         DANIELLE BOYLE-EBERSOLE    on behalf of Creditor    The Bank of New York Mellon, f/k/a The Bank of New York, as successor-in-interest to JPMorgan Chase Bank, N.A., as Trustee for Bear Stearns Asset Backed Securities Trust 2005-SD4, Mortgage Pass-Throug debersole@hoflawgroup.com, pfranz@hoflawgroup.com  
         KEVIN G. MCDONALD    on behalf of Creditor    Toyota Motor Credit Corporation bkgroup@kmllawgroup.com  
         REBECCA ANN SOLARZ    on behalf of Creditor    Toyota Motor Credit Corporation bkgroup@kmllawgroup.com  
         SHARON S. MASTERS    on behalf of Debtor Felicia Wise shmasters@hotmail.com, G65312@notify.cincompass.com  
         United States Trustee    USTPRegion03.PH.ECF@usdoj.gov  
         WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,    philaecf@gmail.com  
                                                                                                    TOTAL: 6

*Stip does not directly affect confirmed plan*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Felicia Wise<br>                Debtor<br><br>Toyota Motor Credit Corporation<br>                Movant<br>vs.<br><br>Felicia Wise<br>                Debtor<br><br>William C. Miller Esq.<br>                Trustee | CHAPTER 13<br><br><br>NO. 18-15953 ELF<br><br><br><br>11 U.S.C. Section 362 |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's vehicle is **$932.96,** which breaks down as follows;

Post-Petition Payments:    August 22, 2019 to September 22, 2019 at $485.92/month
Suspense Balance:    $38.88
**Total Post-Petition Arrears**    **$932.96**

2. The Debtor(s) shall cure said arrearages in the following manner;

a). Beginning on October 22, 2019 and continuing through March 22, 2020, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$485.92** on the vehicle (or as adjusted pursuant to the terms of the vehicle) on or before the twenty-second (22nd) day of each month, plus an installment payment of **$155.50 from October 2019 to February 2020 and $155.46 for March 2020** towards the arrearages on or before the last day of each month at the address below;

TMCC
P.O. BOX 5855
CAROL STREAM, IL 60197-5855

b). Maintenance of current monthly vehicle payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

- 1 -

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the vehicle and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: September 30, 2019

By: /s/ Kevin G. McDonald, Esquire
Attorney for Movant

Date: 10/9/2019

Sharon S. Masters, Esquire
Attorney for Debtor

- 2 -

Date: 10/16/19

_____
William C. Miller, Esquire
Chapter 13 Trustee

NO OBJECTION
*without prejudice to any
trustee rights and remedies.

Approved by the Court this __17th__ day of __October__, 2019. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank

- 3 -